James E. Fitzgerald (5-1469)
Michael J. Fitzgerald (7-5351)
The Fitzgerald Law Firm
2108 Warren Avenue
Cheyenne, WY 82001-3710
(307) 634-4000 (Telephone)
(307) 635-2391 (Facsimile)
jim@fitzgeraldlaw.com
michael@fitzgeraldlaw.com

Randal W. LeNeave
Paul Banker
Hunegs, LeNeave & Kvas, P.A.
1000 Twelve Oaks Center Drive, Suite 101
Wayzata, Minnesota 55391
(612) 339-4511 (Telephone)
(612) 339-5150 (Facsimile)
rleneave@hlklaw.com
pbanker@hlklaw.com
(*To Be Admitted Pro Hac Vice*)

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2021 APR -9 PM 2:23

MARGARET BOTKINS, CLERK
CHEYENNE

# UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| MARK LARA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 21CV66-R |
| BNSF RAILWAY COMPANY, | ) |
| a Delaware corporation, | ) |
| | ) |
| Defendant, | ) |

### COMPLAINT AND JURY DEMAND

Plaintiff Mark Lara for his claims and causes of action against Defendant BNSF Railway company, a Delaware corporation, states as follows:

## Preliminary Statement

1. This is an action to recover damages for personal injuries Plaintiff suffered during the course and scope of his employment on July 7, 2020 while working as a conductor for Defendant. Plaintiff's claims against Defendant are brought under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60.

## Parties

2. That at all time relevant herein, Plaintiff was a resident and citizen of Casper, Wyoming, and was employed by Defendant as a conductor engaged in interstate commerce.

3. That at all times relevant herein, Defendant was a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Fort Worth, Texas; was duly licensed to operate a system of railroads, as a common carrier of freight for hire in and through the State of Wyoming; and was engaged as a common carrier in interstate commerce.

## Jurisdiction and Venue

4. This Court has subject-matter jurisdiction over Plaintiff's FELA claims pursuant to 28 U.S.C. § 1331 (federal question).

5. This Court has personal jurisdiction over Defendant since the incident giving rise to Plaintiff's FELA claims occurred within the State of Wyoming.

6. Venue to bring Plaintiff's FELA claims in this Court is proper pursuant to 45 U.S.C. § 56, which allows bringing FELA claim in the district where the cause of action arose or in the district the defendant is doing business at the time the action is commenced.

7. Plaintiff's FELA claims are timely commenced pursuant to 45 U.S.C. § 56.

## Facts

8. That on July 7, 2020 at about 10:45 a.m., Plaintiff was in the course and scope of his employment working as a conductor for Defendant in its yards in Casper, Wyoming. Plaintiff was part of a two-person train crew who were ordered and required to make up a train, which included coupling together of the existing train of about 57 railcars with 23 railcars located on 4 track in Defendant's yard. The coupling of the train with the 23 railcars involved a shove move (backward movement where the engine shoves the railcars onto the track), which required that Plaintiff protect the shove by riding on the first car. In making the shove move, the engineer is located in the engine and controls the speed and braking of the train with Plaintiff riding of the side of the first car or lead car being shoved onto the track. The particular car Plaintiff was riding was a coal car, and he maintained a secure grip with both hands of the car rungs and both feet on another lower rung. During the movement Plaintiff and the engineer communicate by radio, and the engineer communicated to Plaintiff that he was going to stop in six car lengths, which Plaintiff acknowledged. Because Plaintiff anticipated the stop, he made sure his hands and feet were secure on the car's rungs. Without warning, the train came to an unexpected and sudden stop, causing a violent slack action with sufficient force that Plaintiff was thrown off the car and landed face down on the ground made up of ballast. As a result of the sudden and violent stop, Plaintiff was injured and damaged as herein set forth.

## Count One (negligence liability pursuant to FELA)

Plaintiff realleges paragraphs 1 through 8 as though set forth at length and in detail herein.

9. That Plaintiff's injuries were caused in whole or in part by the negligence of the Defendant, its agents, employees and officers in failing to provide a safe place to work in violation of the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60, in one or more of the particulars

3

alleged herein:

    a.    Failing and neglecting to provide Plaintiff with a reasonably safe place to work;

    b.    Failing and neglecting to enforce and follow its methods and procedures related to making a shove movement;

    c.    Failing and neglecting to adopt, implement and enforce safe methods and procedures related to making a shove movement;

    d.    Failing and neglecting to instruct its employees with respect to methods and procedures related to making a shove movement;

    e.    Failing and neglecting to provide sufficient and properly trained help with respect to the train movement made at the time in question;

    f.    Failing and neglecting to make adequate inspections of its workplace to identify risks of harm, and then take reasonable steps to address the risks of harm; and

    g.    Other acts of negligence as may be determined by the evidence.

10.    That Defendant's breaching its duty of care under the FELA caused in whole or in part injuries to Plaintiff and damages, including that he has suffered pain in the past and will suffer pain in the future; has incurred expenses for medical attention and hospitalization, and will incur further like expenses in the future; has suffered loss of earnings and loss of future earning capacity; and has suffered permanent injury and disability, all to his injury and damage.

### Count Two (negligence per se/strict liability pursuant to violations of the Federal Railroad Safety Act and Defendant's operating rules)

Plaintiff realleges paragraphs 1 through 10 as though set forth at length and in detail herein.

11.    At the time and place described above, Defendant failed to comply with Federal Railroad Administration (FRA) regulations promulgated under the authority of the Federal Railroad Safety Act (FRSA), including but not limited to regulations found in title 49 C.F.R. Part 217 along with the requirements within the FRA regulations that Defendant comply with its operating rules contained in its General Code of Operating Rules (GCOR), the effect of which

4

establishes liability under negligence per se or strict liability for Plaintiff's injuries and damages.

12.     That Defendant's violation(s) caused in whole or in part injuries to Plaintiff and damages, including that he has suffered pain in the past and will suffer pain in the future; has incurred expenses for medical attention and hospitalization, and will incur further like expenses in the future; has suffered loss of earnings and loss of future earning capacity; and has suffered permanent injury and disability, all to his injury and damage.

WHEREFORE, Plaintiff Mark Lara prays for a jury trial of the foregoing issues, and for judgment against Defendant BNSF Railway Company for recovery of special and general damages on the cause of action described herein, together with any interest, costs, disbursements, legal fees, or other relief to which Plaintiff is entitled.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Date:   April 9, 2021

_____
James E. Fitzgerald (5-1469)
Michael J. Fitzgerald (7-5351)
The Fitzgerald Law Firm
2108 Warren Avenue
Cheyenne, WY 82001-3710
(307) 634-4000 (Telephone)
(307) 635-2391 (Facsimile)
jim@fitzgeraldlaw.com
michael@fitzgeraldlaw.com

-and-

Randal W. LeNeave
Paul Banker
Hunegs, LeNeave & Kvas, P.A.
1000 Twelve Oaks Center Drive, Suite 101
Wayzata, Minnesota 55391
(612) 339-4511 (Telephone)
(612) 339-5150 (Facsimile)
rleneave@hlklaw.com
pbanker@hlklaw.com
(*To Be Admitted Pro Hac Vice*)

**Attorneys for Plaintiff**

6