IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2022 DEC -9  PM 8: 09

MARGARET BOTKINS, CLERK
CHEYENNE

Mark Lara,

        Plaintiff,

    VS.

BNSF RAILWAY COMPANY, a
Delaware Corporation,

        Defendant.

Case No.  21-CV-00066

**Jury Instructions**

INSTRUCTION NO. 1

Now that the jury has been selected and sworn, I will give the following preliminary instructions for your guidance as jurors in this case. You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You, and only you, will be the judges of the facts. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role here is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial. I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

INSTRUCTION NO. 2

This is a civil case. The plaintiff, Mark Lara, has the burden of proving his case by what is called the preponderance of the evidence. That means the plaintiff must produce evidence which, considered in the light of all the facts, leads you to believe that what plaintiff claims is more likely true than not. To put it differently, if you were to put the plaintiff's and defendant's evidence on opposite sides of the scales, plaintiff would have to make the scales tip somewhat on his side.  If the plaintiff fails to meet this burden, the verdict must be for defendants.

The defendant, BNSF Railway Company, has the burden of proving by a preponderance of the evidence its affirmative defenses of preexisting injury and failure to mitigate claimed damages.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case, and you should therefore put it out of your mind.

INSTRUCTION NO. 3

The parties to this lawsuit have submitted claims and contentions which I will summarize for you.   I caution you that these contentions are not evidence and should not be considered by you in your determination of the case unless they are supported by the evidence.   However, I am referring you to those contentions so that you have a sense of the issues that are to be considered by you.

INSTRUCTION NO. 4

Plaintiff Lara's claim alleges damages under the Federal Employers' Liability Act for personal injuries alleged to have been suffered as a result of negligence by Defendant BNSF Railway Company.

Defendant BNSF Railway Company does not dispute that it was negligent and that such negligence caused the incident in question. Defendant, rather, disputes whether the incident caused Plaintiff Lara's injuries and the nature, extent, and scope of Plaintiff's injuries and damages.

It is agreed that Plaintiff Lara was not negligent in causing his injuries. At the time and place alleged by Plaintiff, Defendant was a railroad common carrier engaged in interstate commerce. Plaintiff was then an employee of Defendant, engaged in such commerce. Plaintiff's right, if any, to recover in this case is governed by the provisions of the Federal Employers' Liability Act.

To succeed on his FELA claim, Plaintiff must prove, by a preponderance of the evidence, that BNSF caused or contributed, in whole or in part, to the Plaintiff's injuries. If you find Plaintiff has proved these things by a preponderance of the evidence, then Plaintiff is entitled to recover damages from BNSF. BNSF has the burden of proving its affirmative defenses that some or all of Plaintiff's damages were due to a preexisting condition or due to his failure to mitigate his damages. If you find BNSF has proven either defense by a preponderance of the evidence, then Plaintiff may not recover damages from BNSF for a preexisting condition or which were caused by his failure to mitigate. However, if you find by a preponderance that BNSF's conduct aggravated one or more preexisting conditions of Plaintiff, you may award him damages for such aggravation.

Page 6

INSTRUCTION NO. 5

These are merely the contentions of the parties, given to you in order to make the jury aware of the nature of the positions that have been taken as reflected in the pleadings and the documents filed in this case. You are reminded that you must decide the issues in this case by referring to the testimony and evidence.

INSTRUCTION NO. 6

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a sidebar bench conference.   If that happens, please be patient.

We are not trying to keep important information from you.   These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum.

I may not always grant an attorney's request for a conference.   Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

INSTRUCTION NO. 7

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other things received into the record as exhibits, and any facts the lawyers agree or stipulate to, or that the Court may instruct you to find.

Certain things are not evidence and must not be considered by you as such.   I will list them for you now:

1.      Statements, arguments, and questions by lawyers are not evidence.

2.      Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.      Testimony that the Court has excluded or told you to disregard is not evidence and must not be considered.

4.      Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

INSTRUCTION NO. 8

There are two kinds of evidence: direct and circumstantial.   Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case before you, but keep in mind that you may consider both kinds of evidence.

INSTRUCTION NO. 9

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much, if any, of a witness's testimony to accept or reject. You may believe everything a witness says, or part of it, or none of it. When determining the credibility of a witness, you may take into account:

1. The witness's opportunity and ability to see or hear or know the things testified to;

2. The witness's memory;

3. The witness's manner and demeanor while testifying;

4. The witness's interest in the outcome of the case, if any;

5. The witness's bias or prejudice, if any;

6. Whether other evidence contradicted the witness's testimony;

7. The reasonableness of the witness's testimony in light of all the evidence; and

8. Any other factors that bear on believability.

You should not be swayed by the appearance of a witness. When determining a witness's credibility, you must take care to avoid any bias, conscious or unconscious, based on the witness's race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender. You should consider all the facts and circumstances in the case and give the witness's testimony the weight you believe it is entitled to, in light of your experience and knowledge of human affairs.

INSTRUCTION NO. 10

To ensure fairness to everyone involved in this trial, here are some ground rules for you to follow during your jury service, starting now:

First, during this trial, you are not to discuss the case with anyone or permit anyone to discuss it with you.   Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case with anyone.

Second, do not read or listen to anything touching on this case outside of the courtroom. If anyone should try to talk to you about it, bring it to the Court's attention promptly.

Third, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

Fourth, when you are outside the courtroom, do not let anyone tell you anything about the case or about anyone involved with it until the trial has ended and your verdict has been accepted by me.   If someone should try to talk to you about the case during the trial, please report it to me.

Fifth, during the trial you should not talk with or speak to any of the parties, lawyers, or witnesses involved in this case – you should not even pass the time of day with any of them.   It is important not only that you do justice in this case, but that you also give the appearance of doing justice.   If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is simply to pass the time of day – an unwarranted and unnecessary suspicion about your fairness might arise.   If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because they are not supposed to talk or visit with you either.

Page 12

Sixth, do not read any news stories or articles about the case or about anyone involved with it, and do not listen to any radio, television, or internet reports about the case or about anyone involved with it. Specifically, avoid all media touching upon or concerning the railroad industry. In fact, until the trial is over, I suggest that you avoid reading any newspapers or news journals and listening to any television, radio, or internet newscasts. If there are any news reports of this case, you might inadvertently find yourself reading or listening to something before you could do anything about it.  If you want, you can have your spouse or friend clip out any stories and set them aside for you to give you after the trial is over.  I can assure you, however, that by the time you have heard all the evidence in this case, you will know everything you need to decide it.

Seventh, do not do any research or make any investigation on your own about any matter involved in this case.  By way of examples, that means you must not consult a dictionary, textbook, or encyclopedia, talk with a person you consider knowledgeable, or go to the internet for information about some issue or person in this case.  In fairness to everyone involved, learn about this case only from the evidence you receive here at trial and apply it to the law as I instruct you.

Eighth, cellphones will not be permitted in the jury room during deliberation.

Finally, do not make up your mind about what the verdict should be during the trial.  Keep an open mind until after you have gone to the jury room to decide the case and you, and your fellow jurors have discussed the evidence.

INSTRUCTION NO. 11

Jurors are permitted to take notes during the course of this trial, since there may be complicated issues in which the notes may be helpful.   You are not required to take any notes, and some feel that taking notes is not helpful because it may distract you from hearing and evaluating all the evidence.   If you do take notes, please keep them in confidence between yourself and your fellow jurors.

During this trial, you will be permitted to submit written questions for witnesses, if you have questions about the witnesses' testimony that have not been answered after the attorneys have finished questioning the witnesses.

INSTRUCTION NO. 12

With the agreement of counsel for the parties, I am going to allow you the opportunity to ask questions of the witnesses who will be testifying in this case.

Let me therefore tell you the procedure that we will follow with respect to any questions that you may have of a witness.

First: please hold your questions until the witness has finished answering questions put to him or her by the attorneys.   You will often find that questions that you would like to ask will eventually be asked by one of the attorneys.

Second: any questions that you would like to ask a witness must be written down on a piece of paper and passed to me for review.   Such questions should be limited to important matters and should be relevant to the issues presented in this trial so that we don't get bogged down or distracted from those issues.

Third: I will review any questions that you may submit with the attorneys at the side of the bench or at a break.   Since your questions, like those of the attorneys, are governed by our rules of evidence, I may be required to alter or refuse any of your questions.   If so, you should not be offended or upset, or hold it against either of the parties, or speculate as to what the answer to your question might have been.

Fourth: if I allow the question, then I or one of the attorneys may pose it to the witness, and the attorneys may be allowed to ask follow-up questions of the witness.

INSTRUCTION NO. 13

The trial will now begin.  First, each side may make an opening statement.  An opening statement is neither evidence nor argument; it is an outline of what that party intends to prove, offered to help you follow the evidence.

Next, Plaintiff will present his witnesses and Defendant may cross-examine them. Then Defendant will present its witnesses and Plaintiff may cross-examine them.

After that, the attorneys will make their closing arguments to summarize and interpret the evidence for you and the Court will give you instructions on the law.

You will then retire to deliberate on your verdict.

INSTRUCTION NO. 14

MEMBERS OF THE JURY:

Now that you have heard the evidence, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law so given to the facts as you find them from the evidence in the case.

You are not to single out one instruction alone as stating the law but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base your verdict upon anything but the evidence of the case.

You are to disregard any evidence offered at trial and rejected by the Court.   You are not to consider the opening statements and the arguments of counsel as evidence.   Their purpose is merely to assist you in analyzing and considering the evidence presented at trial.

The Court did not by any words uttered during the trial, and the Court does not by these instructions, give or intimate, or wish to be understood by you as giving or intimating, any opinions as to what has or has not been proven in this case, nor as to what are or are not facts in the case.

INSTRUCTION NO. 15

You are to consider only the evidence in the case.   But in your consideration of the evidence, you are not limited to the bald statements of the witnesses.   In other words, you are not limited solely to what you see and hear as the witnesses testify.   You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

INSTRUCTION NO. 16

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses which does not produce in your minds' belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence which does produce such belief in your minds.

The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

INSTRUCTION NO. 17

Certain exhibits shown to you are illustrations.   We call these types of exhibits "demonstrative exhibits."   Demonstrative exhibits are a party's description, picture, or model to describe something involved in this trial.   If your recollection of the evidence differs from the demonstrative exhibits, rely on your recollection.

INSTRUCTION NO. 18

The burden is on the Plaintiff in a civil action, such as this, to prove every essential element of his claims by a preponderance of the evidence. If the proof should fail to establish any essential element of the Plaintiff's claims by a preponderance of the evidence in the case, the jury should find for the Defendant as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Likewise, the burden is on the Defendant to prove by a preponderance of the evidence every essential element of any affirmative defense asserted by the Defendant.

INSTRUCTION NO. 19

Any finding of fact you make must be based on probabilities, not possibilities.   It may not be based on surmise, speculation, or conjecture.

INSTRUCTION NO. 20

Section 1 of the Federal Employers' Liability Act, under which Plaintiff *Mark Lara* claims the right to recover damages in this action, provides in part that:

Every common carrier by railroad while engaging in commerce between any of the several States . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, . . . for such injury . . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, ... or other equipment . . .

INSTRUCTION NO. 21

Plaintiff Lara's claim alleges damages under the Federal Employers' Liability Act for personal injuries alleged to have been suffered as a result of negligence by Defendant BNSF Railway Company.

Defendant BNSF Railway Company does not dispute that it was negligent and that such negligence caused some injury to Plaintiff Lara. Defendant, rather, disputes the nature, extent, and scope of Plaintiff's injuries and damages.

It is agreed that Plaintiff Lara was not negligent in causing his injuries. At the time and place alleged by Plaintiff, Defendant was a railroad common carrier engaged in interstate commerce. Plaintiff was then an employee of Defendant, engaged in such commerce. Plaintiff's right, if any, to recover in this case is governed by the provisions of the Federal Employers' Liability Act.

INSTRUCTION NO. 22

It is admitted by BNSF, the Defendant, that with respect to the accident at issue, it was negligent and that such negligence caused some injury to Plaintiff Lara.

Because of the above admission, the questions remaining for your determination are: (1) whether the accident caused the injury and damage claimed by the Plaintiff; (2) what element(s) of damages were incurred by the plaintiff as a result of the accident; and (3) the amount of damages.

INSTRUCTION NO. 23

In determining damages, you should award compensation when it appears from a preponderance of the evidence in the case that Defendant's negligence played any part, no matter how small, in bringing about or causing the injury or damage.

INSTRUCTION NO. 24

If you find in favor of Plaintiff, then you must award the plaintiff such sum as you find will fairly and justly compensate the plaintiff for any and all damages you find the plaintiff sustained and is reasonably certain to sustain in the future, resulting in whole or in part – no matter how small, as a result of the occurrence mentioned in the evidence. You should consider the following elements of damages:

1.   The physical pain, mental, and emotional suffering the plaintiff has experienced and is reasonably certain to experience in the future; the nature and extent of the injury, whether the injury is temporary or permanent and whether any resulting disability is partial or total, including any aggravation of a pre-existing condition;

2.   The earnings the plaintiff has lost to date (and the present value of earnings the plaintiff is reasonably certain to lose in the future); you should consider the Plaintiff's net earnings after the deductions of taxes rather than gross earnings.

3.   The loss of enjoyment of life the Plaintiff has experienced and is reasonably certain to experience in the future.

Remember, throughout your deliberations you must not engage in any speculation, guess, or conjecture and you must not award any damages by way of punishment or through sympathy.   You may not include in your award any sum for court costs or attorneys' fees.

INSTRUCTION NO. 25

There is no formula the court can give you for the determination of damages for pain and suffering, emotional distress, loss of enjoyment of life, disability, or any future damages as may be reasonably probable to arise.   It is not necessary that any witness shall have expressed any opinion as to the dollar amount of these damages.   Your award, if any, should be such sum as will fairly and adequately compensate the plaintiff.   Any amount awarded rests within your sound discretion and is for you to determine, taking into consideration the evidence in this case and from your knowledge, observation, and experience in life.   Any award should be for what damages are reasonable and just.

INSTRUCTION NO. 26

If you find that the plaintiff sustained lost future earning capacity, then you must reduce those future damages to their present value.

The present value of future damages is the amount of money that will fully compensate the plaintiff for such future damages, assuming that amount is invested now and will earn a reasonably risk-free rate of interest for the time that will pass until the future damages occur.

You must not reduce to present value any non-economic damages you find that the plaintiff is reasonably certain to sustain in the future, such as for pain and suffering, loss of enjoyment of life, or mental anguish.

INSTRUCTION NO. 27

Plaintiff is not entitled to recover for any physical ailment, defect, or disability that existed prior to or is unrelated to Defendant's negligence.   But if you find that there was an aggravation of an existing disease or physical defect resulting from Plaintiff's injury, you should determine, if you can, what portion of Plaintiff's condition resulted from the aggravation.   Then make allowance in your verdict only for the aggravation.

The extent to which an injury is attributable to a pre-existing condition need not be proved by Defendant with mathematical precision or great exactitude.   The evidence need only be sufficient to permit a rough practical apportionment.   If you cannot make that determination or if it cannot be said that the condition would have existed apart from the injury, you should consider and make allowance in your verdict for the entire condition.

INSTRUCTION NO. 28

Damages must be reasonable.   If you should find that Plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such injury and damage as you find, from a preponderance of the evidence in the case, that he has sustained as a result of the accident.

You are not permitted to award speculative damages.   So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably probable to occur in the future.

INSTRUCTION NO. 29

It is the duty of any person who has been injured to use reasonable diligence and reasonable means, under the circumstances, to prevent the aggravation of such injuries; to act in a way that brings about a recovery from the injury; and to take advantage of any reasonable opportunity he may have to reduce or minimize loss or damage. Plaintiff is required to obtain reasonable medical care and follow his doctor's reasonable advice and to seek out or take advantage of a business or employment opportunity that was reasonably available to him under all the circumstances shown by the evidence.

An unemployed plaintiff who is able to look for work does not satisfy his duty to mitigate by waiting passively for employment to be offered. The opportunity to mitigate is not merely the opportunity to accept a job, but the opportunity to seek appropriate work when one is able to do so.

If you find that Defendant has proven, by a preponderance of the evidence, that Plaintiff failed to take reasonable action to mitigate his damages, whether by failing to obtain reasonable medical care, failing to follow his doctor's reasonable advice, or failing to seek out or take advantage of a business or employment opportunity that was reasonably available to him, you shall reduce the amount of damages by the amount Plaintiff could have reasonably realized if Plaintiff had taken advantage of such opportunity.

INSTRUCTION NO. 30

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the complaint of the Plaintiff, and the answer thereto of the Defendant. You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

INSTRUCTION NO. 31

Unless you are otherwise instructed, the evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed.

Any evidence as to which an objection was sustained by the Court, and evidence ordered stricken by the Court, must be entirely disregarded.

Unless you are otherwise instructed, anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

INSTRUCTION NO. 32

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case.   One is direct evidence – such as the testimony of an eyewitness.   The other is indirect or circumstantial evidence – the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all evidence in the case, both direct and circumstantial.

INSTRUCTION NO. 33

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witnesses, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  Consider each witness's intelligence, motive and state of mind, and demeanor and manner while on the stand.  Consider the witness's ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently and innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

INSTRUCTION NO. 34

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state an opinion as to relevant and material matters, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

INSTRUCTION NO. 35

In determining the weight to be given to an opinion expressed by any witness who did not testify as an expert witness, you should consider his or her credibility, the interest, if any, which the witness may have in the outcome of the trial, the extent of the witness's opportunity to perceive the matters upon which the witness's opinion is based and the reasons, if any, given for it.   You are not required to accept such an opinion but should give it the weight to which you find it is entitled.

INSTRUCTION NO. 36

During the trial of this case, certain testimony has been read or presented to you by way of deposition, consisting of sworn-recorded answers to questions asked of the witness by one or more of the attorneys for the parties to the case.   The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented in writing under oath or on a video recording played on a television set.   Such testimony is entitled to the same consideration, and is to be judged as to credibility and weight, and otherwise considered by the jury, insofar as possible, in the same way as if the witness had been present, and had testified from the witness stand.

INSTRUCTION NO. 37

Evidence that at some other time a witness, not a party to this action, has said or done something which is inconsistent with the witness's testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness but may never be considered as evidence of proof of the truth of any such statement.

Where, however, the witness is a party to the case, and by such statement, or other conduct, admits some fact or facts against his interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

INSTRUCTION NO. 38

At times during the trial, the Court has passed upon objections to the admission of certain things into evidence.   Questions relating to the admissibility of evidence are solely questions of law for the Court and you must not concern yourselves with the reasons for its rulings.   In your consideration of the case, you must draw no inferences from these rulings, and you must consider only the evidence which is admitted by the Court.

Neither in any question I have asked, nor in these instructions, nor in any ruling, action, or remark that I have made during the course of this trial, have I intended to interpose any opinion or suggestion as to how I would resolve any of the issues in this case. If I have made any remark that you believe indicates how I would decide this case, I instruct you to disregard such remark.

INSTRUCTION NO. 39

During this trial, I have permitted you to take notes.  Many courts do not permit notetaking by jurors, and a word of caution is in order.  There is always a tendency to attach undue importance to matters which one has written down.  Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented.  Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial.  Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

INSTRUCTION NO. 40

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cellphone, smartphone, iPhone, Blackberry, or computer, the internet, any internet service, any text or instant messaging service, any internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only to you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

INSTRUCTION NO. 41

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.   What the verdict shall be is your sole and exclusive duty and responsibility.

INSTRUCTION NO. 42

Upon retiring to the jury room, you will select one of your number to act as your presiding juror.   The presiding juror will preside over your deliberations and will be your spokesperson here in Court.

A verdict form has been prepared for you.   You will take this form to the jury room.

When you have reached unanimous agreement as to your verdict, you will have your presiding juror fill in, date, and sign the form which sets forth the verdict upon which you have unanimously agreed, and you will then return with the completed form to the courtroom.

INSTRUCTION NO. 43

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the sole purpose of returning a verdict.

You are not partisans. You are judges – judges of facts. Your sole interest is to ascertain the truth from the evidence in the case.

INSTRUCTION NO. 44

If it becomes necessary during your deliberations to communicate with the Court, you may send a note via the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any member of the jury on any subject touching the merits of the case other than in writing or orally here in open Court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person – not even to the Court – how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.